By the Court
 

 Booth,
 
 Chief Justice.
 

 The rule of the common law that rent follows the reversion is admitted on both sides. But it is contended for the administrators that this rule ought to be, or is, modified by our acts of assembly apportioning rent in certain cases. We are of opinion that those acts do not apply to the present case, and the principle of the common law applies. The rent follows the reversion. The reversion is vested in the purchaser by virtue of the sale and assignment under the Orphans’ Court, at the time when the rent falls due. For rent is indivisible. None of it is due until the expiration of the time during which it is accruing. The legislature has changed this in the particular case of a sale by the sheriff by virtue of execution process on judgment or decree, and they have apportioned the rent in
 
 that case
 
 between the debtor and the purchaser. But the provision extends no further. And in case of a sale of intestate lands under an order of the Orphans’ Court, this is but a mode of dividing the land among the heirs of the intestate, and the purchaser takes all the estate of the intestate with its incidents, the accruing rent being one of them.
 

 An administrator has no estate in the land of his intestate, and no right of entry. If he was entitled to any part of the rent as against the purchaser, in case of sale and assignment, it would seem that he should have a right as against the heir in case of acceptance and as' signment, which no one would contend.
 

 Verdict for plaintiff.